647 L



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable M. O. Flowers
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-2132
Re: May a corporation be charter-
ed with its primary, if not
sole, purpose, the owning of
real estate in incorporated
cities and towns in Texas?

We beg to acknowledge receipt of your request
for an opinion as follows:

"An application has been made to this
department to create a domestic corpora-
tion with its chief purpose the owning of
real estate in incorporated cities and
towns in Texas. Subdivision 47 of Article
1302 of the Revised Civil Statutes author-
izes the incorporation of real estate com-
panies 'to purchase, sell and subdivide
real property in towns, cities and villages,
and their suburbs not extending more than
two miles beyond their limits'.

"In view of the provisions of Article
1362, which prohibits corporations having
for their main purpose the acquisition or
ownership of land, we request an opinion
from your department as to whether a cor-
poration may be chartered with its primary,
if not sole, purpose the owning of real es-
tate in incorporated cities and towns in
Texas.

"We have looked at the original act
which contained Article 1362 and note
that Article 1363 was passed as a part of

Honorable L. G. Flowers - page 2

the same act, and exempts corporations organized for a purpose similar to Subdivision 47 of Article 1302. It has been the assumption of this department that Article 1363 allowed corporations to have for their primary purpose the owning of titles to land in cities, but not rural lands. So far as we can determine, there has never been an opinion by your department on this point, and before the corporation is granted a charter we should like an expression from your department on this point.

"The proposed corporation plans to use as its purpose clause Section 47 of Article 1302, but, as stated to us, they will not be engaged in selling those properties except where land it has purchased becomes undesirable for use by an affiliated corporation."

A charter may be issued, of course, for those purposes only that are expressly authorized by statute. The application for a charter under subdivision 47 of Article 1302 of the Revised Civil Statutes, is, of course, for a purpose specifically authorized, and should be granted unless the disclosure made to you by the applicants forbids.

The pertinent part of Subdivision 47, upon which the applicants rely for authority to transact their business, is the power "to purchase, sell and subdivide real property in towns, cities and villages, and their suburbs not extending more than two miles beyond their limits." We construe this language to authorize corporations to engage in the business of promoting subdivisions of real property in towns, cities and villages and their suburbs, and not in the general business of buying and selling real estate within such territory. While literally the language here, "to purchase, sell and subdivide real property" might permit the contemplated activities of applicants, the obvious meaning is exemplified by transposing the words "sell and subdivide" so as the purpose clause would read "to purchase, subdivide and sell real property", etc. That is, the authority to sell should be construed in connection with the authority to subdivide, and, of course, is necessarily incidental to the power to promote such subdivision.

Our construction of Subdivision 47 is a reasonable one and is compelled, we think, by other pertinent parts of these statutes.

Article 1362 of the statutes provides:

"No private corporation heretofore or hereafter chartered or created whose main purpose of business is the acquisition or ownership of land by purchase, lease or otherwise, shall hereafter be permitted to acquire any land within this State by purchase, lease or otherwise."

Article 1363 makes an exception from the general forbidding rule prescribed in Article 1362 so as to authorize the incorporation provided for by Subdivision 47, above quoted, and is as follows:

"Nothing in this chapter shall be construed to prohibit the lease, purchase, sale or subdivision of real property within incorporated towns, cities or villages, and their suburbs not extending more than two miles beyond their corporate limits, by corporations whose charters authorize them to lease, purchase, sell and subdivide real estate, within towns, cities and villages, and their suburbs, whether their suburbs be stated to be measured from the limits merely, or the corporate limits, of such towns, cities and villages. All such corporations now existing, or which may be hereafter created shall be authorized to lease, sell or subdivide real property in any unincorporated city, town or village, or the suburbs thereof, within this State, not exceeding two miles in any direction from the courthouse, or depot nearest the center of such city, town or village, or from the center thereof, if there be no courthouse or depot."

The obvious purpose and policy of our law is to forbid corporate acquisition and ownership of land in Texas, except, of course, as such ownership is expressly, or by

necessary implication, allowed. This policy appears to pertain to "any land within this State", whether the same be urban or rural.

The admitted purpose of the applicants being to acquire and own land within incorporated cities and towns in the State, we think their petition should be denied.

If the charter should be granted in the precise words of the statute for the purpose mentioned in Subdivision 47, and the corporation's actual activities were not those of Subdivision 47, but constituted the acquisition and holding of land contrary to the statutes, it would necessitate appropriate proceedings by the Attorney General. The formal application being a subterfuge, therefore, it should be denied.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

APPROVED APR 4 1940

OS-LR

FIRST ASSISTANT
ATTORNEY GENERAL


APPROVED
OPINION
COMMITTEE
BY